**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3704
_____

RICHARD C. ANGINO; ALICE K. ANGINO,

                    Appellants

v.

TRANSUNION LLC

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-17-cv-00954)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2019

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*.

(Filed: August 15, 2019)
_____

OPINION[**]
_____

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Richard and Alice Angino faced financial difficulties for several years. They missed payments on several credit accounts, which negatively affected their credit rating. After considerable efforts, they resolved those issues, and are now on sounder financial footing. However, records of those past incidents still appear on the credit reports prepared by Trans Union, a credit reporting agency. The Anginos believe those past incidents should not continue to affect their credit, and have sued Trans Union, alleging violations of the Fair Credit Reporting Act.

Trans Union moved for summary judgment, contending that the Anginos had no evidence it had reported inaccurate information or otherwise acted negligently. The District Court agreed, and granted judgment in Trans Union's favor. The Anginos have now appealed.

We agree with the District Court. While the Anginos are undoubtedly frustrated that their now-resolved debts continue to burden them, they have not alleged that Trans Union has provided incorrect information in their credit reports. For the reasons stated here, we will affirm the judgment in favor of Trans Union.

**I.**

The Anginos suffered financial difficulties stemming from the 2008 financial crisis. The Anginos admit that these difficulties prevented them from making payments on at least five credit accounts. They assert that nevertheless they have resolved those late payments, and that the continued presence of those late payments on their consumer reports misrepresents the real status of their credit.

2

They also believe that Trans Union has made misrepresentations about their financial status on certain disclosures it made about them to credit providers.[1] When disclosing a credit score, Trans Union must also disclose any "key factors" that adversely affected the credit score's calculation.[2] The Anginos believe that some of the key factors Trans Union identified in some score disclosures, such as "[s]erious delinquency" or "[a]mount owed on revolving [a]ccounts is too high," are misleading.[3]

After filing several complaints with Trans Union, the Anginos filed this suit, alleging a number of federal and state law claims. After discovery concluded, Trans Union moved for summary judgment. The District Court granted the motion, entering judgment in favor of Trans Union on all claims. The Anginos moved for reconsideration, which the District Court denied.

The Anginos have now appealed to our Court. They appeal only their claims that Trans Union violated the Fair Credit Reporting Act, and we therefore consider only those claims now.[4]

**II.**

---

[1] We note that although the Reporting Act distinguishes between "consumer reports," which are released to credit providers, see, e.g., 15 U.S.C. §§ 1681b-d, 1681e(b); and "consumer disclosures," which are released to consumers, see, e.g., 15 U.S.C. §§ 1681g-h, we use the terms "disclose" and "disclosure" in this opinion only in the colloquial sense, not as terms of art.

[2] *See* 15 U.S.C. § 1681g(f)(1)(C) (requiring credit agencies to disclose "all of the key factors that adversely affect[]" a credit score's calculation).

[3] Appellant Br. 8.

[4] The District Court had jurisdiction to consider the Anginos' Fair Credit Reporting Act claims pursuant to 15 U.S.C. § 1681p, which vests jurisdiction in federal district courts "to enforce any liability created under" the Act. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

3

"We review a district court's grant of summary judgment *de novo,* applying the same standard the district court applied."[5]  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]  We review facts, and draw all inferences, in the manner most favorable to the non-movant.[7]

The Anginos allege that Trans Union negligently failed to comply with the Fair Credit Reporting Act by failing to maintain reasonable procedures in violation of 15 U.S.C. § 1681e(b), and by failing to conduct a reasonable investigation into the Anginos' disputes to their report, in violation of 15 U.S.C. § 1681i(a).

"Negligent noncompliance with § 1681e(b)[] consists of the following four elements: '(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.'"[8]

Similarly, § 1681i(a)(1)(A) states that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is

---

[5] *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011).
[6] Fed. R. Civ. P. 56(a).
[7] *Big Apple BMW, Inc. v. BMW of N. Am. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).
[8] *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d. Cir. 1996)).

inaccurate." "Thus, we can assume that absent any indication that the information is inaccurate, the statute does not mandate" further investigation.[9]

To prevail under either claim, then, the Anginos must show that their credit report contains inaccurate information. They have failed to do this. The Fair Credit Reporting Act allows credit agencies to report "[a]ny . . . adverse item of information . . . which antedates the report by more than seven years."[10] The Anginos admit that they made late payments on the relevant credit lines, , and they do not allege that any adverse information appearing on their reports is more than seven years old. They assert only that these credit issues have been resolved and that they should no longer appear as adverse items on their report. However, under the terms of the Fair Credit Reporting Act, Trans Union appropriately included the adverse items appearing on the Anginos' consumer reports.

The same analysis applies to the Anginos' contention that the key factors supplied by Trans Union were misleading. Trans Union asserts that these disclosures are not "credit reports" under the Fair Credit Reporting Act, and therefore cannot serve as the basis for a negligent noncompliance claim.

However, we need not reach that question, because the Anginos have failed to present facts suggesting that the key factors are inaccurate. They admit that they have made late payments on credit accounts. And, with the benefit of discovery, they have failed

---

[9] *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).
[10] 15 U.S.C. § 1681c(a)(5).

5

to present additional facts that suggest the key factors are based on other mistakes, false information, or inaccuracies.[11]

This case presents a different situation from others we have considered in the past, such as *Cortez v. Trans Union LLC*,[12] *Philbin v. Trans Union Corp.*,[13] and *Cushman v. Trans Union Corp.*[14] In each of those cases, the plaintiff identified inaccurate information on their reports, such as, respectively, an incorrect identity,[15] an erroneously included tax lien,[16] or a fraudulently opened credit line.[17] The Anginos identify no such incorrect information here.

The gravamen of the Anginos' claim is not that the information in their credit reports and disclosures is inaccurate, but rather that it is irrelevant. These facts do not support a claim for negligent noncompliance with or for failure to conduct a reasonable investigation under the Fair Credit Reporting Act.

## III.

For the foregoing reasons, we will affirm the District Court's grant of Trans Union's summary judgment.

---

[11] The Anginos variously argue that, in addition to providing misleading key factors, Trans Union failed to include relevant key factors, but they fail to identify which key factors should have been included or which documents are missing them.

[12] 617 F.3d at 708.

[13] 101 F.3d at 960.

[14] 115 F.3d at 222.

[15] *Cortez,* 617 F.3d at 696.

[16] *Philbin*, 101 F.3d at 961.

[17] *Cushman*, 115 F.3d at 222.